Joshua W. Carden, SBN 021698
Joshua Carden Law Firm, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ariehl E. Escamilla Yanez,<br><br>                    Plaintiff,<br><br>v.<br><br>Chicanos Por La Causa, Inc.,<br><br>                    Defendant. | **ORIGINAL COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

Plaintiff Ariehl E. Escamilla Yanez, by and through undersigned counsel, seeks relief in this Original Complaint against Defendant Chicanos Por La Causa, Inc. as follows:

## INTRODUCTION

1. This case involves an employee who asked his employer for reasonable, medication-related accommodations and was fired in a matter of days thereafter in violation of the Americans with Disabilities Act as amended, and the Arizona Civil Rights Act.

## PARTIES

2. Plaintiff Ariehl E. Escamilla Yanez is a resident of Maricopa County, Arizona, and, at all relevant times in this Complaint, an "employee" of CPLC within the meaning of the relevant statutes cited herein.

3. Defendant Chicanos Por La Causa, Inc. ("CPLC") is an Arizona nonprofit corporation. All acts alleged in this Complaint occurred in Maricopa County, Arizona.

4. CPLC was an "employer" of Plaintiff within the meaning of the Americans With Disabilities Act ("ADA"), 42 U.S.C § 12101, *et. seq.,* and the Arizona Civil Rights Act ("ARCA"), A.R.S. § 41-1461, *et seq.*,, at all times material to this action.



5. CPLC, at all times material hereto, upon information and belief employed between 101 and 200 persons.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 42 U.S.C § 12101, *et. seq.*, and 28 U.S.C. §1331. Jurisdiction over pendent state law claims is invoked pursuant to 28 U.S.C. § 1367.

7. The unlawful employment practices described herein were committed within the State of Arizona, on Defendant's premises located in Maricopa County, State of Arizona.

8. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL CLAIMS

9. CPLC is one of the largest community development corporations in Arizona, focused on Latino individuals and families with low to moderate income levels.

10. CPLC employed Plaintiff as a Parent Aide beginning on or about March 12, 2018.

11. Plaintiff's job duties included, *inter alia*, coordinating, facilitating, and monitoring visits between parents and their children placed by the state with foster families on a temporary basis.

12. Originally, Plaintiff was paid by the hour.

13. Soon after his employment, CPLC switched Plaintiff to a salary.

14. CPLC communicated to Plaintiff their expectation that he would be essentially "on call" nearly all the time.

15. Plaintiff has a medical condition that requires a prescription to be taken once a day, in the middle of the day, with a particular type of meal, and thus a stable mid-day schedule.

16. Without these simple accommodations, his medical condition worsens, which directly and severely impacts several major bodily systems.

17. Plaintiff notified CPLC of this condition on or about April 2, 2018.

18. After the switch to salary, Plaintiff requested of his manger the accommodations that his schedule be stabilized and he be allowed to take a short, regular, mid-day, meal break – no breaks were contemplated in his "on call" schedule" – in order to take the prescribed medication.



19. He initially received no response.

20. On April 20, 2018, Plaintiff escalated this request to Ericka Mendoza and Jennifer Goodall, senior management for Defendant.

21. Plaintiff was requested to provide a doctor's note, which he agreed to provide.

22. Plaintiff was unable to schedule an appointment immediately with the specialist required to provide the note, but obtained an appointment for May 14, 2019.

23. On May 2, 2018, Ericka Mendoza fired Plaintiff.

24. Plaintiff's requested accommodation would not have caused the Defendant an undue hardship.

25. Upon information and relief, the Defendant's justification for the termination is a pretext for the Defendant's unlawful discrimination and failure to engage in the interactive dialogue.

## ADMINISTRATIVE REMEDY EXHAUSTION

26. Plaintiff dual-filed a charge of discrimination dated August 16, 2018 with the EEOC, as prepared by that office, and the Arizona Attorney General's Civil Rights Division alleging violations of the ADA and ACRA for disability discrimination and/or retaliation. A true and correct copy of the charge is attached as Exhibit A.[1]

27. The EEOC completed its investigation and issued a Notice of Suit Rights dated August 23, 2019. A true and correct copy of that Notice is attached as Exhibit B.

28. All conditions precedent necessary to the filing of this lawsuit have been performed or have occurred.

## FIRST CAUSE OF ACTION – ADA DISCRIMINATION

29. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

30. Plaintiff's medical condition, as described above, caused substantial limitation to the performance of major life activities, and/or the perception by Defendant that Plaintiff experienced substantial limitations of major life activities.

31. Plaintiff's request for an accommodation placed Defendant on notice of a disability

---

[1] Plaintiff's first name legally changed in November 2019 to the name listed in the caption.



and contributed to the perception by Defendant that Plaintiff experienced substantial limitations of major life activities.

32. Plaintiff's request for an accommodation triggered CPLC's duty to engage in a reasonable interactive process regarding Plaintiff's need for an accommodation.

33. Defendant failed to engage Plaintiff reasonably in the interactive process required by the ADA to pursue a reasonable accommodation.

34. Defendant further failed to provide Plaintiff his reasonable accommodation as requested, despite the easy availability of such an accommodation.

35. Defendant terminated Plaintiff.

36. By these actions, Defendant has engaged in direct discrimination against Plaintiff, as well as treating him disparately from other non-disabled workers in violation of the ADA.

37. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of past and future lost wages and value of benefits, and other compensatory damages such as emotional distress causing physical symptoms.

38. Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

**SECOND CAUSE OF ACTION – ADA RETALIATION**

39. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

40. Plaintiff engaged in protected activity by seeking an accommodation for a disability.

41. Defendant retaliated by terminating Plaintiff's employment within approximately 2 weeks of his request for that accommodation, in violation of the ADA.

42. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of past and future lost wages and value of benefits, and other compensatory damages such as emotional distress causing physical symptoms.

43. Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

**THIRD CAUSE OF ACTION – ACRA DISCRIMINATION**

44. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.



45. Defendant is an employer within the meaning of A.R.S. § 41-1461 (4).

46. Plaintiff is a member of a protected group: disabled.

47. Because of the foregoing actions as alleged in this Complaint, Plaintiff was subjected to direct discrimination because of his disability or for his request for a reasonable accommodation; and/or subjected to disparate treatment when compared to other, non-disabled workers.

48. The persons who engaged in discrimination were supervisory employees of Defendant with immediate and ultimate authority over Plaintiff.

49. As a result of the foregoing, Defendant has also retaliated against Plaintiff by terminating his employment in violation of ACRA.

50. Defendant's actions were against the public policy of Arizona as outlined in ACRA.

51. As a result of the foregoing, Defendant is liable to Plaintiff for violating A.R.S. § 41-1463.

52. Defendant's acts of discrimination in this regard were unlawful and intentional.

53. Plaintiff has suffered damages as a result of the harm alleged above, including lost back and front pay.

54. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

**FOURTH CAUSE OF ACTION – ACRA RETALIATION**

55. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

56. Plaintiff engaged in protected activity by seeking an accommodation for a disability.

57. Defendant retaliated by terminating Plaintiff's employment within approximately 2 weeks of his request for that accommodation, in violation of ACRA.

58. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of past and future lost wages and value of benefits, and other compensatory damages such as emotional distress causing physical symptoms.

59. Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.



**JURY TRIAL DEMANDED**

60. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. Declaring that the acts and practices complained of herein are in violation of state and/or federal law;

B. Directing CPLC to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities;

C. Directing CPLC to place Plaintiff in the position he would have occupied but for CPLC's discriminatory treatment, and make him whole for all earnings she would have received but for CPLC's discriminatory treatment, including, but not limited to, back pay, front pay, pension, and other lost benefits;

D. Awarding Plaintiff compensatory and punitive damages in amounts to be determined by the jury;

E. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and

F. Granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted on this 20th day of November, 2019,

                                                      JOSHUA CARDEN LAW FIRM, P.C.

                                                      By: s/Joshua W. Carden
                                                      Joshua W. Carden
                                                      *Attorney for Plaintiff*
                                                      *Ariehl E. Escamilla Yanez*

